USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                Plaintiff,

-v-

MARK D. PAPERMASTER,

                Defendant.

Case No. 08-CV-9078 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Plaintiff, International Business Machines Corporation ("Plaintiff"), initiated this action on October 22, 2008, by the filing of a Complaint and an Order to Show Cause for an order preliminarily enjoining Defendant Mark D. Papermaster ("Defendant") from commencing employment with Apple Inc. The Court granted Plaintiff's application for preliminary injunctive relief by an Order dated November 7, 2008, for reasons that will be explained in a forthcoming opinion, and ordered the Parties to propose a reasonable bond, pursuant to Fed. R. Civ. P. 65(c), and appear for a status conference before the Court on November 18, 2008.

Rule 65(c) provides that the movant must provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The injunction bond provided for in Rule 65(c) is to "cover any damages that might result if it were later determined that the plaintiff was not entitled to an injunction." *Commerce Tankers Corp. v. Nat'l Mar. Union*, 553 F.2d 793, 800 (2d Cir. 1977). Parties who have been wrongfully enjoined "are entitled to damages as may be shown to have been proximately caused by the injunction, up to the amount

of the bond." *Blumenthal v. Merrill Lynch*, 910 F.2d 1049, 1056 (2d Cir. 1990) (internal citations omitted). District courts "are vested with wide discretion in determining the amount of the bond that the moving party must post." *Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.*, 323 F. Supp. 2d 525, 541 (S.D.N.Y. 2004) (citing *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)). Here, based on a careful reading of the letters sent by the Parties to the Court, which are being filed under seal, the Court finds that a bond in the amount of $3,000,000 is appropriate to guarantee payment of the costs and damages that Defendant may incur, if the injunction should not have issued. Therefore, it is

ORDERED that a bond be filed by Plaintiff on or before November 14, 2008 at 5:00 pm, in the sum of $3,000,000, and that Defendant may recover from Plaintiff under said bond all costs and damages, if any, suffered by him in the event that Plaintiff does not succeed in this action.

SO ORDERED.

Dated: November 12, 2008
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE