## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br>        Plaintiff, <br><br>     v. <br><br>MARK D. PAPERMASTER, <br><br>        Defendant. <br>_____ <br><br>MARK D. PAPERMASTER, <br><br>        Counterclaim-Plaintiff, <br><br>     v. <br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br>        Counterclaim-Defendant. | 08 Civ. 9078 (KMK) <br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT MARK D. PAPERMASTER** |

Defendant Mark D. Papermaster ("Defendant" or "Mr. Papermaster"), by his attorneys, Latham & Watkins LLP, hereby files his answer, affirmative defenses and counterclaims, to the Complaint filed on October 22, 2008 by Plaintiff International Business Machines Corporation ("IBM" or "Plaintiff"). Any allegation not expressly admitted is generally denied. Defendant reserves the right to supplement and/or amend as additional discovery and/or information comes to light.

1.      To the extent the allegations set forth in Paragraph 1 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 1 require a response Defendant denies the allegations except Defendant admits that this action is brought by Plaintiff.

2.      To the extent the allegations set forth in Paragraph 2 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 2 require a response

Defendant admits the allegations.

3. Defendant admits the allegations set forth in Paragraph 3.

4. To the extent the allegations set forth in Paragraph 4 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 4 require a response, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations.

5. To the extent the allegations set forth in Paragraph 5 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 5 require a response, Defendant denies the allegations except Defendant admits that IBM's headquarters are located in Armonk, New York and Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

6. Defendant admits the allegations set forth in Paragraph 6.

7. To the extent the allegations set forth in Paragraph 7 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 7 require a response Defendant admits that in the past IBM has maintained certain confidential information regarding its business and that IBM has spent significant money to develop new technology. Defendant is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. To the extent the allegations set forth in Paragraph 8 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 8 require a response Defendant admits that in the past IBM has maintained certain confidential information regarding its business which includes microprocessors and servers. Defendant is otherwise without

sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. Defendant admits the allegations set forth in Paragraph 9 except Defendant denies that he is currently employed by IBM.

10. Defendant denies the allegations set forth in Paragraph 10 except Defendant admits that he was a member of the I&VT from 2006 until his resignation from IBM.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant denies the allegations set forth in Paragraph 12 except Defendant admits that as a member of the I&VT he was shown a summary of status and plans at each I&VT meeting.

13. Defendant denies the allegations set forth in Paragraph 13 except Defendant admits that from 1991 until October 2006 he served in various management roles for POWER microprocessors that were being designed for IBM's UNIX servers. Defendant admits that in October 2006, he became the Vice President of Blade Development, within the System and Technology group.

14. To the extent the allegations set forth in Paragraph 14 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 14 require a response Defendant denies the allegations except Defendant admits that he has had access in the past to certain confidential information concerning IBM's POWER architecture and technology.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant admits in response to the allegations set forth in Paragraph 16 that he

has had access in the past to certain confidential information concerning IBM's blade servers except Defendant denies that he is currently employed by IBM.

17. Defendant denies the allegations set forth in Paragraph 17 except Defendant admits that he was a member of the I&VT.

18. Defendant admits the allegations set forth in Paragraph 18.

19. To the extent the allegations set forth in Paragraph 19 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 19 require a response Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

20. To the extent the allegations set forth in Paragraph 20 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 20 require a response Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

21. To the extent the allegations set forth in Paragraph 21 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 21 require a response Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

22. To the extent the allegations set forth in Paragraph 22 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 22 require a response Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

23. To the extent the allegations set forth in Paragraph 23 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 23 require a response Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

24. To the extent the allegations set forth in Paragraph 24 state a legal conclusion, no

response is required. To the extent the allegations set forth in Paragraph 24 require a response Defendant denies the allegations except Defendant admits that he signed the Noncompetition Agreement, and Defendant refers to the Noncompetition Agreement in its entirety which speaks for itself.

25. Defendant admits in response to the allegations set forth in Paragraph 25 that he informed his supervisors as early as October 13, 2008 that he intended to accept a position at Apple.

26. Defendant denies the allegations set forth in Paragraph 26 except Defendant admits that he accepted an offer to act as Apple's Senior Vice President, Devices Hardware Engineering in charge of product development for the iPod and iPhone.

27. To the extent the allegations set forth in Paragraph 27 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 27 require a response Defendant denies the allegations.

28. To the extent the allegations set forth in Paragraph 28 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 28 require a response Defendant admits the allegations.

29. To the extent the allegations set forth in Paragraph 29 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 29 require a response Defendant denies the allegations.

30. To the extent the allegations set forth in Paragraph 30 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 30 require a response Defendant denies the allegations.

31. To the extent the allegations set forth in Paragraph 31 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 31 require a response Defendant denies the allegations.

32. Defendant denies the allegations set forth in Paragraph 32.

33. Defendant admits the allegations set forth in Paragraph 33.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35.

36. Defendant admits in response to the allegations set forth in Paragraph 36 that IBM supplies microprocessors capable of supporting functionality for video game consoles although Defendant had no responsibility for such microprocessors at IBM.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 except Defendant denies that his role at Apple will involve the management of the P.A. Semi assets or the development of servers.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 except Defendant denies that he was hired to design microprocessors for incorporation in a variety of electronic devices, including handheld devices.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39 except Defendant admits that IBM competes

with companies that design, manufacture and sell servers and microprocessors.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40 except Defendant admits that on October 20, 2008, IBM offered him an increased compensation package.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 except Defendant admits that on October 20, 2008, IBM offered to pay him one year's salary to refrain from working at Apple for a year. Defendant denies that Apple is a competitor of IBM's or that his contractual obligations require him to refrain from working for Apple for one year.

42. Defendant avers in response to the allegations set forth in Paragraph 42 that on October 20, 2008, IBM told him that it had determined that his acceptance of an offer at Apple would violate the terms of the Noncompetition Agreement, thereby implicitly threatening to sue Mr. Papermaster if he went to work for Apple. IBM also asked Mr. Papermaster to consider the effect of his decision on his family. IBM further asked Mr. Papermaster to provide a response to IBM's offers the next day, which Mr. Papermaster agreed to do out of professional courtesy. In fact, Mr. Papermaster informed one IBM executive on the evening of October 20, 2008 that it was still his intention to leave IBM. Mr. Papermaster reconfirmed his intention to leave with other IBM executives the next day. Defendant otherwise denies the allegations set forth in Paragraph 42.

43. Defendant denies the allegations of Paragraph 43 except admits that on October 20 and 21, 2008, he reconfirmed his intention to leave IBM to pursue an opportunity at Apple starting in November 2008, and on October 21, 2008, he also reconfirmed his willingness to work at IBM through October 24, 2008, to manage the transition.

44. Defendant repeats and realleges the responses to Paragraphs 1 through 43 above as if fully set forth herein.

45. To the extent the allegations set forth in Paragraph 45 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 45 require a response Defendant denies the allegations.

46. Defendant denies the allegations set forth in Paragraph 46.

47. To the extent the allegations set forth in Paragraph 47 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 47 require a response, Defendant denies the allegations.

48. To the extent the allegations set forth in Paragraph 48 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 48 require a response, Defendant denies the allegations.

49. Defendant repeats and realleges the responses to Paragraphs 1 through 43 above as if fully set forth herein.

50. To the extent the allegations set forth in Paragraph 50 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 50 require a response, Defendant admits that he had access in the past to certain confidential IBM information.

51. To the extent the allegations set forth in Paragraph 51 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 51 require a response Defendant denies the allegations except Defendant admits that he agreed not to disclose confidential IBM information.

52. Defendant denies the allegations set forth in Paragraph 52.

53. To the extent the allegations set forth in Paragraph 53 state a legal conclusion, no response is required. To the extent the allegations set forth in Paragraph 53 require a response, Defendant denies the allegations.

**AFFIRMATIVE DEFENSES**

Defendant, for his affirmative defenses to the Complaint, alleges as follows without assuming any burden of proof of such defenses that would otherwise rest on Plaintiff:

First Affirmative Defense
(Failure to State a Claim)

54. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense
(Laches/ Estoppel/ Waiver/ Acquiescence )

55. Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver and/or acquiescence.

Third Affirmative Defense
(Lack of Trade Secrets)

56. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to identify any document or information constituting a trade secret or that is otherwise entitled to legal protection.

Fourth Affirmative Defense
(Failure to Protect Alleged Trade Secrets)

57. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to establish or maintain procedures designed to prevent disclosure and/or misappropriation of its alleged trade

secrets, including by departing employees.

Fifth Affirmative Defense
(No Use of Trade Secrets)

58. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to show any unlawful use of Plaintiff's trade secrets by Defendant.

Sixth Affirmative Defense
(Absence of Damages)

59. Plaintiff's claims are barred in whole or in part because Plaintiff has suffered no damage caused by the actions alleged in the Complaint.

Seventh Affirmative Defense
(Failure to Mitigate)

60. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to exercise reasonable care and diligence to mitigate its alleged damages.

Eighth Affirmative Defense
(Unclean Hands)

61. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

Ninth Affirmative Defense
(No Inevitable Disclosure)

62. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to show that Defendant will inevitably disclose any trade secrets he may have learned at IBM in his new position at Apple.

Tenth Affirmative Defense
(Lack of Personal Jurisdiction)

63. Plaintiff's claims are barred in whole or in part because this court lacks personal jurisdiction.

### Eleventh Affirmative Defense
(Improper Forum)

64.     Plaintiff's claims are barred in whole or in part as justice requires this action be heard in a California or Texas forum.

### Twelfth Affirmative Defense
(Unenforceability of the Noncompetition Agreement)

65.     Plaintiff's claims are barred in whole or in part because such noncompetition agreements are unenforceable as a matter of public policy under California and/or Texas law.

### Thirteenth Affirmative Defense
(The Noncompetition Agreement is Overly Broad)

66.     Plaintiff's claims are barred in whole or in part because the Noncompetition Agreement is unenforceably overbroad.

### Fourteenth Affirmative Defense
(Additional Defenses)

67.     This action and any relief sought by Plaintiff may be barred in whole or in part by additional defenses that cannot now be articulated because of the generality of aspects of Plaintiff's pleadings and the fact that discovery has not yet been taken.  Accordingly, Defendant reserves his right to supplement the foregoing and to raise additional defenses as may appear during the progress of this case to the full extent allowed under applicable law.

### **COUNTERCLAIMS OF DEFENDANT PAPERMASTER**

For his counterclaims against IBM, Mr. Papermaster alleges as follows:

68.     IBM's form Noncompetition Agreement purports to restrict Mr. Papermaster for one (1) year following the termination of his employment with IBM from: (1) engaging or associating with any "Business Enterprise"; or (2) engaging or associating with "any significant

competitor or major competitor" of IBM. (Noncompetition Agreement attached as Exhibit A to IBM's Complaint, § 1(b).) "Business Enterprise" is defined as "any entity that engages in, or owns or controls a significant interest in any entity that engages in, competition with the business units or divisions of the Company in which [Mr. Papermaster] worked during the two (2) year period prior to the termination of [his] employment." (*Id.*, § 2(a).) These restrictions purport to apply to companies within the "Restricted Area," defined as "any geographic area in the world for which [Mr. Papermaster] had job responsibilities during the last twelve (12) months of [his] employment with the Company." (*Id.*, § 2(d).)

69. The business unit in which Mr. Papermaster was employed for the last two years was the Systems and Technology Group, in which he was the Vice President of Blade Development.

70. Mr. Papermaster has been offered a job at Apple as Senior Vice President, Devices Hardware Engineering. In this role, he will be in charge of product development for the iPod and the iPhone.

71. Apple and IBM are not significant or major competitors. IBM primarily provides business enterprise services, while Apple's primary business is the design, manufacturing and marketing of consumer electronic products.

72. The "Business Enterprise" restriction is unreasonably broad in that it purports to restrict Mr. Papermaster from going to work for any company that engages in competition with his former business unit to any extent, even if Mr. Papermaster will not be working for the part of the company that does so. Likewise, the "significant competitor or major competitor" prong purports to restrict Mr. Papermaster from going to work for one of these companies even if the work that Mr. Papermaster will be doing is completely unrelated to the work he was doing at

IBM. These provisions are not necessary to protect any legitimate interests of IBM.

73. The Noncompetition Agreement is also unreasonably broad in that it purports to impose an unreasonably lengthy time limitation. In the world of technology, any trade secrets that Mr. Papermaster possesses would lose their value prior to the expiration of a year. The purported geographic scope of the "Restricted Area" is similarly unreasonable. Mr. Papermaster has resided and worked in Austin, Texas for the past 17 years, yet the language of the Noncompetition Agreement purports to restrict him from working anywhere in the world based on the global scope of IBM's business. Again, these restrictions are not necessary to protect any legitimate interests of IBM.

74. The Noncompetition Agreement also provides that it is "governed by, and construed in accordance with, the laws of the State of New York." (Noncompetition Agreement attached as Exhibit A to IBM's Complaint, § 13.) This provision is unenforceable. Mr. Papermaster has no substantial relationship to New York, in that he has resided and worked in Texas for the past 17 years, and he is going to work for Apple, which is a California corporation. Mr. Papermaster therefore has the most significant contacts with Texas and California. Both states hold that such noncompetition agreements are unenforceable as a matter of public policy. Because this is a fundamental policy of states with a materially greater interest in this dispute than New York, Texas or California law must be applied.

75. Mr. Papermaster has honored and intends to continue to honor his agreement not to disclose any confidential IBM information. Indeed, when Mr. Papermaster accepted the offer at Apple, he signed an Intellectual Property Agreement in which he agreed not to disclose or bring onto Apple property any "confidential, or proprietary, or secret information" of IBM.

## COUNT 1 – DECLARATORY JUDGMENT THAT IBM'S FORM NONCOMPETITION AGREEMENT IS UNENFORCEABLY OVERBROAD

76. Mr. Papermaster repeats and realleges as though fully set forth herein the allegations of Paragraphs 68 through 75 as Paragraph 76 of Count 1 above.

77. The Noncompetition Agreement purports to restrict Mr. Papermaster for one year from going to work for any company in any capacity anywhere in the world that is either (1) a "significant competitor or major competitor" of IBM or (2) engages in competition with Mr. Papermaster's former business unit at IBM to any extent.

78. These provisions are unrestrained by any limitations keyed to uniqueness, trade secrets, confidentiality or competitive unfairness, and are not necessary to protect any legitimate interests of IBM.

79. Here, Mr. Papermaster's role at Apple will not require him to use any confidential information he may have acquired in his role at IBM.

80. Mr. Papermaster is entitled to a declaratory judgment that the Noncompetition Agreement is unreasonably overbroad and unenforceable.

## COUNT 2 – DECLARATORY JUDGMENT THAT TEXAS OR CALIFORNIA LAW APPLIES AND THE NONCOMPETITION AGREEMENT IS THEREFORE UNENFORCEABLE

81. Mr. Papermaster repeats and realleges as though fully set forth herein the allegations of Paragraphs 68 through 75 as Paragraph 81 of Count 2 above.

82. Mr. Papermaster has resided and worked in Texas for the past 17 years and is going to work for Apple in California.

83. Mr. Papermaster has no substantial relationship to New York, but rather he has the most significant contacts with Texas and California.

84. Texas and California hold that noncompetition agreements such as IBM's are unenforceable as a matter of public policy.

85. The fundamental polices of Texas and California are contrary to the application of New York law.

86. Mr. Papermaster is entitled to a declaratory judgment that Texas or California law applies, and as a result, that the Noncompetition Agreement is unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaim-Plaintiff Mr. Papermaster prays for judgment as follows:

a. Judgment against IBM in favor of Mr. Papermaster for the claims brought by IBM;

b. Declaratory judgment that the Noncompetition Agreement is unreasonably overbroad and unenforceable;

c. Declaratory judgment that Texas or California law applies, and as a result, that the Noncompetition Agreement is unenforceable;

d. Reasonable costs and disbursements herein;

e. Attorneys fees and costs to the extent recoverable by law; and

f. Such other and further relief as the Court deems just and proper.

Dated: November 13, 2008

LATHAM & WATKINS LLP

By: /s/ Blair G. Connelly
Blair G. Connelly

885 Third Avenue
New York, New York 10022-4834
(212) 906-1200

Timothy B. Hardwicke *(admitted pro hac vice)*
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-7700

Attorneys for Defendant
MARK D. PAPERMASTER