

Interchange Corporate Center
450 Plymouth Road, Suite 400
Plymouth Meeting, PA 19462-1644
Ph. (610) 832-8240

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS MACHINES
CORPORATION
                    Plaintiff(s)

vs.

MARK D. PAPERMASTER

                      Defendant(s)

UNDERTAKING ON INJUNCTION

Case No. 08-CV-9078 (KMK)

Bond No. 015028200

THE ABOVE NAMED plaintiff International Business Machines Corporation has applied to one of the Judges of this Court for an Injunction in the above entitled action, restraining the defendant Mark D. Papermaster, as is more fully set forth in the papers in said application.

NOW, THEREFORE, the LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts mutual insurance company, having an office and place of business at 301 Plainfield Road, Suite 250, Syracuse, NY 13212, does hereby, pursuant to the Statute in such case made and provided, undertake in the sum of Three Million & 00/100 ($3,000,000.00) Dollars, that the plaintiff International Business Machines Corporation will pay to the defendant Mark D. Papermaster so enjoined, such damages, not exceeding the before mentioned sum, as Mark D. Papermaster may sustain by reason of said injunction, if the Court finally decides that the plaintiff International Business Machines Corporation was not entitled thereto, such damages to be ascertained and determined by the Court, or by a Referee appointed by the Court, or by a writ of inquiry, or otherwise as the Court shall direct.

Dated, this 13th Day of November, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

LIBERTY MUTUAL INSURANCE COMPANY

By: _____
    April D. Perez,     Attorney-in-Fact

STATE OF NEW JERSEY
COUNTY OF MORRIS

On November 13, 2008, before me personally came April D. Perez to me known to be an Attorney-In-Fact of Liberty Mutual Insurance Company, the corporation described in the within instrument, and she acknowledged that she executed the within instrument as the act of the said Liberty Mutual Insurance Company in accordance with authority duly conferred upon her by said company.

_____
Notary Public

PRINCIPAL ACKNOWLEDGEMENT

Sharon Ciampa
Notary Public of New Jersey
My Commission Expires 9/21/2012

STATE OF NEW JERSEY
COUNTY OF MORRIS

On this _____ day of _____, 2008, before me personally came

_____ to me known to be a _____ of

_____, the corporation described in the within instrument, and

he/she executed the within instrument as the act of the said _____

in accordance with authority duly conferred upon him/her by said company.

_____
Notary Public

**2370249**

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

**LIBERTY MUTUAL INSURANCE COMPANY
BOSTON, MASSACHUSETTS
POWER OF ATTORNEY**

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**MARY LAWRENCE, THERESA GIRALDO, APRIL D. PEREZ, ALL OF THE CITY OF MORRISTOWN, STATE OF NEW JERSEY**

..........................................................................................................................................................................................................
..........................................................................................................................................................................................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **TEN MILLION AND 00/100********************** DOLLARS ($ 10,000,000.00******* ) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

> ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
>
> Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

> Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __27th__ day of __June__, __2008__.

**LIBERTY MUTUAL INSURANCE COMPANY**

By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA ss
COUNTY OF MONTGOMERY

On this __27th__ day of __June__, __2008__, before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires Mar. 28, 2009

Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

**CERTIFICATE**

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

> VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this __13th__ day of __November__, __2008__.



By _____
David M. Carey, Assistant Secretary

*Side margin left:* Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.

*Side margin right:* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

Annual Statement for the year 2007 of the Liberty Mutual Insurance Company

| LIABILITIES, SURPLUS AND OTHER FUNDS | 1<br>Current Year | 2<br>Prior Year |
|---|---|---|
| 1. Losses (Part 2A, Line 34, Column 8) | 12,594,762,751 | 10,169,462,164 |
| 2. Reinsurance payable on paid losses and loss adjustment expenses (Schedule F, Part 1, Column 6) | 106,915,231 | 108,972,670 |
| 3. Loss adjustment expenses (Part 2A, Line 34, Column 9) | 2,572,655,246 | 2,084,590,736 |
| 4. Commissions payable, contingent commissions and other similar charges | 134,968,818 | 130,587,309 |
| 5. Other expenses (excluding taxes, licenses and fees) | 414,446,861 | 355,278,576 |
| 6. Taxes, licenses and fees (excluding federal and foreign income taxes) | 250,690,878 | 208,364,692 |
| 7.1 Current federal and foreign income taxes (including $ 0 on realized capital gains (losses)) | | |
| 7.2 Net deferred tax liability | | |
| 8. Borrowed money $ 949,875 and interest thereon $ 565,850 | 1,515,726 | 1,306,151 |
| 9. Unearned premiums (Part 1A, Line 37, Column 5) (after deducting unearned premiums for ceded reinsurance of $ 1,937,007,225 and including warranty reserves of $ 0 ) | 3,678,689,493 | 3,114,705,894 |
| 10. Advance premium | 39,998,380 | 22,746,128 |
| 11. Dividends declared and unpaid: | | |
| 11.1 Stockholders | | |
| 11.2 Policyholders | 12,802,684 | 3,999,999 |
| 12. Ceded reinsurance premiums payable (net of ceding commissions) | 851,675,481 | 819,145,981 |
| 13. Funds held by company under reinsurance treaties (Schedule F, Part 3, Column 19) | 1,878,182,260 | 1,866,405,417 |
| 14. Amounts withheld or retained by company for account of others | 632,437,218 | 619,561,207 |
| 15. Remittances and items not allocated | | |
| 16. Provision for reinsurance (Schedule F, Part 7) | 116,580,664 | 120,072,864 |
| 17. Net adjustments in assets and liabilities due to foreign exchange rates | | |
| 18. Drafts outstanding | 286,356,848 | 274,794,753 |
| 19. Payable to parent, subsidiaries and affiliates | 81,311,436 | 159,008,230 |
| 20. Payable for securities | 31,683,685 | 278,480,820 |
| 21. Liability for amounts held under uninsured plans | | |
| 22. Capital notes $ 0 and interest thereon $ 0 | | |
| 23. Aggregate write-ins for liabilities | (679,769,042) | (369,600,531) |
| 24. Total liabilities excluding protected cell liabilities (Lines 1 through 23) | 23,005,904,618 | 19,967,883,060 |
| 25. Protected cell liabilities | | |
| 26. Total liabilities (Lines 24 and 25) | 23,005,904,618 | 19,967,883,060 |
| 27. Aggregate write-ins for special surplus funds | 948,875,402 | 811,135,623 |
| 28. Common capital stock | 10,000,000 | 10,000,000 |
| 29. Preferred capital stock | | |
| 30. Aggregate write-ins for other than special surplus funds | 1,250,000 | 1,250,000 |
| 31. Surplus notes | 891,966,161 | 1,013,209,431 |
| 32. Gross paid in and contributed surplus | 4,348,951,176 | 3,148,160,105 |
| 33. Unassigned funds (surplus) | 5,622,257,215 | 4,968,373,870 |
| 34. Less treasury stock, at cost: | | |
| 34.1 0 shares common (value included in Line 28 $ 0 ) | | |
| 34.2 0 shares preferred (value included in Line 29 $ 0 ) | | |
| 35. Surplus as regards policyholders (Lines 27 to 33, less 34) (Page 4, Line 39) | 11,823,299,954 | 9,952,129,029 |
| 36. TOTALS (Page 2, Line 26, Col. 3) | 34,829,204,572 | 29,920,012,089 |

| DETAILS OF WRITE-INS | | |
|---|---|---|
| 2301. Other liabilities | 228,177,879 | 180,862,751 |
| 2302. Retroactive reinsurance reserve - ceded | (1,731,268,038) | (1,526,795,171) |
| 2303. Amounts held under uninsured plans | 566,100,759 | 485,811,161 |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | 257,220,358 | 490,520,728 |
| 2399. Totals (Lines 2301 through 2303 plus 2398) (Line 23 above) | (679,769,042) | (369,600,531) |
| 2701. Special surplus from retroactive reinsurance | 948,875,402 | 811,135,623 |
| 2702. | | |
| 2703. | | |
| 2798. Summary of remaining write-ins for Line 27 from overflow page | | |
| 2799. Totals (Lines 2701 through 2703 plus 2798) (Line 27 above) | 948,875,402 | 811,135,623 |
| 3001. Guaranty funds | 1,250,000 | 1,250,000 |
| 3002. | | |
| 3003. | | |
| 3098. Summary of remaining write-ins for Line 30 from overflow page | | |
| 3099. Totals (Lines 3001 through 3003 plus 3098) (Line 30 above) | 1,250,000 | 1,250,000 |

State of Massachusetts
County of Suffolk ss.

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC Annual Statement Instructions and Accounting Practices and Procedures manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively. Furthermore, the scope of this attestation by the described officers also includes the related corresponding electronic filing with the NAIC, when required, that is an exact copy (except for formatting differences due to electronic filing) of the enclosed statement. The electronic filing may be requested by various regulators in lieu of or in addition to the enclosed statement.

(Signature) Edmund F. Kelly
(Printed Name) Edmund Francis Kelly
1.
(Title) Chairman of the Board, President & CEO

(Signature) Dexter R. Legg
(Printed Name) Dexter Robert Legg
2.
(Title) Vice President & Secretary

(Signature)
(Printed Name) Laurence Henry Spyker Yahia
3.
(Title) Senior Vice President & Treasurer

Subscribed and sworn to before me this
22nd day of January , 2008

Anna Kinlan

a. Is this an original filing? YES [X] NO [ ]
b. If no:
1. State the amendment number
2. Date filed
3. Number of pages attached

2

## ASSETS

| | Current Year | | | Prior Year |
|---|---|---|---|---|
| | 1 | 2 | 3 | 4 |
| | Assets | Nonadmitted Assets | Net Admitted Assets (Cols. 1 - 2) | Net Admitted Assets |
| 1. Bonds (Schedule D) | 15,335,083,671 | | 15,335,083,671 | 14,335,788,460 |
| 2. Stocks (Schedule D): | | | | |
| 2.1 Preferred stocks | 322,986,839 | | 322,986,839 | 234,308,916 |
| 2.2 Common stocks | 7,648,869,947 | 271,819,000 | 7,377,050,947 | 5,069,085,324 |
| 3. Mortgage loans on real estate (Schedule B): | | | | |
| 3.1 First liens | 429,255,101 | | 429,255,101 | 249,560,880 |
| 3.2 Other than first liens | | | | |
| 4. Real estate (Schedule A): | | | | |
| 4.1 Properties occupied by the company (less $ 0 encumbrances) | 418,561,083 | | 418,561,083 | 326,163,102 |
| 4.2 Properties held for the production of income (less $ 0 encumbrances) | 1,069,882 | | 1,069,882 | 1,111,445 |
| 4.3 Properties held for sale (less $ 0 encumbrances) | | | | |
| 5. Cash ($ 212,635,233, Schedule E-Part 1), cash equivalents ($ 92,190,216 Schedule E-Part 2) and short-term investments ($ 523,294,378, Schedule DA) | 828,119,827 | | 828,119,827 | 1,207,665,883 |
| 6. Contract loans (including $ 0 premium notes) | | | | |
| 7. Other invested assets (Schedule BA) | 4,644,249,806 | 1,597,635 | 4,642,652,171 | 3,447,295,251 |
| 8. Receivables for securities | 13,535,760 | | 13,535,760 | 41,352,591 |
| 9. Aggregate write-ins for invested assets | | | | |
| 10. Subtotals, cash and invested assets (Lines 1 to 9) | 29,641,731,918 | 273,416,635 | 29,368,315,281 | 24,912,331,852 |
| 11. Title plants less $ 0 charged off (for Title insurers only) | | | | |
| 12. Investment income due and accrued | 175,281,336 | | 175,281,336 | 168,971,988 |
| 13. Premiums and considerations: | | | | |
| 13.1 Uncollected premiums and agents' balances in the course of collection | 963,823,216 | 35,685,825 | 928,137,391 | 703,139,102 |
| 13.2 Deferred premiums, agents' balances and installments booked but deferred and not yet due (including $ 34,554 earned but unbilled premiums) | 1,638,538,797 | 3,827 | 1,638,534,970 | 1,462,229,358 |
| 13.3 Accrued retrospective premiums | 438,736,647 | 51,047,015 | 387,689,632 | 462,717,401 |
| 14. Reinsurance: | | | | |
| 14.1 Amounts recoverable from reinsurers | 685,885,885 | | 685,885,885 | 740,190,011 |
| 14.2 Funds held by or deposited with reinsured companies | 28,022,671 | | 28,022,671 | 78,959,530 |
| 14.3 Other amounts receivable under reinsurance contracts | | | | |
| 15. Amounts receivable relating to uninsured plans | 2,597,574 | 2,437,580 | 159,994 | |
| 16.1 Current federal and foreign income tax recoverable and interest thereon | 118,948,060 | | 118,948,060 | 13,749,786 |
| 16.2 Net deferred tax asset | 900,020,000 | 269,859,863 | 630,160,137 | 555,086,006 |
| 17. Guaranty funds receivable or on deposit | 29,552,458 | | 29,552,458 | 32,891,812 |
| 18. Electronic data processing equipment and software | 263,119,215 | 213,712,586 | 49,406,629 | 42,760,804 |
| 19. Furniture and equipment, including health care delivery assets ($ 0 ) | 98,104,898 | 98,104,898 | | |
| 20. Net adjustment in assets and liabilities due to foreign exchange rates | | | | |
| 21. Receivables from parent, subsidiaries and affiliates | 238,266,862 | | 238,266,862 | 235,522,572 |
| 22. Health care ($ 0 ) and other amounts receivable | | | | |
| 23. Aggregate write-ins for other than invested assets | 633,225,209 | 82,381,943 | 550,843,266 | 511,661,867 |
| 24. Total assets excluding Separate Accounts, Segregated Accounts and Protected Cell Accounts (Lines 10 to 23) | 35,855,854,744 | 1,026,650,172 | 34,829,204,572 | 29,920,012,089 |
| 25. From Separate Accounts, Segregated Accounts and Protected Cell Accounts | | | | |
| 26. Total (Lines 24 and 25) | 35,855,854,744 | 1,026,650,172 | 34,829,204,572 | 29,920,012,089 |

| DETAILS OF WRITE-INS | | | | |
|---|---|---|---|---|
| 0901. | | | | |
| 0902. | | | | |
| 0903. | | | | |
| 0998. Summary of remaining write-ins for Line 09 from overflow page | | | | |
| 0999. Totals (Lines 0901 through 0903 plus 0998) (Line 09 above) | | | | |
| 2301. Other assets | 212,369,467 | 72,186,660 | 140,182,807 | 164,433,785 |
| 2302. Cash surrender value life insurance | 204,675,583 | | 204,675,583 | 162,038,957 |
| 2303. Equities and deposits in pools and associations | 32,235,326 | | 32,235,326 | 20,497,883 |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | 183,944,833 | 10,195,283 | 173,749,550 | 164,691,242 |
| 2399. Totals (Lines 2301 through 2303 plus 2398) (Line 23 above) | 633,225,209 | 82,381,943 | 550,843,266 | 511,661,867 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

                          Plaintiff,

-against-

MARK D. PAPERMASTER,

                          Defendant.

08-CV-9078 (KMK)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK,  )
                             ) ss.:
COUNTY OF NEW YORK, )

        RALPH M. DIONNE, being duly sworn, deposes and says:

        I am over the age of 18 years, not a party to this action and reside at 67-15 102nd Street, Apartment 3A, Forest Hills, NY 11375.

        On the 13th day of November 2008, I caused the annexed "Undertaking on Injunction" to be served upon:

        Blair G. Connelly, Esq.
        Latham & Watkins LLP
        Attorneys for Defendant
        885 Third Avenue, Suite 1000
        New York, NY 10022

by having a true copy thereof, securely enclosed in a prepaid and properly addressed

wrapper, delivered to an agent of FedEx, an overnight delivery service, for overnight delivery to Mr. Connelly; to wit: Friday, November 14, 2008.

*Ralph M. Dionne*
Ralph M. Dionne

Sworn to before me this

13th day of November 2008.

*[signature]*
Notary Public

CHARISSE Y. RODRIGUEZ
Notary Public, State of New York
No. 01RO6145128
Qualified in New York County
Commission Expires May 1, 2010

11/14/2008

Gaëlle J. Coiron

SO ORDERED:

[signature] 11/18/08 U.S.D.J.

08-CV-9078 (KMK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                              Plaintiff,

-against-

MARK D. PAPERMASTER,

                              Defendant.

UNDERTAKING ON INJUNCTION

CRAVATH, SWAINE & MOORE LLP
*Attorneys for Plaintiff*
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000