UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MARK D. PAPERMASTER,<br><br>Defendant.<br><br>MARK D. PAPERMASTER,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Counterclaim Defendant. | 08 Civ. 9078 (KMK)<br><br>ECF CASE<br><br>**PLAINTIFF-COUNTERCLAIM-DEFENDANT IBM'S ANSWER TO DEFENDANT-COUNTERCLAIM-PLAINTIFF MARK D. PAPERMASTER'S COUNTERCLAIMS** |

Plaintiff-Counterclaim-Defendant International Business Machines Corporation ("IBM" or "Plaintiff"), by and through its undersigned attorneys, responds as follows to the Counterclaims of Defendant-Counterclaim-Plaintiff Mark D. Papermaster ("Defendant"):

1. Plaintiff denies the allegations of paragraph 68, except states that Mr. Papermaster entered into a Noncompetition Agreement with IBM on June 21, 2006 (the "Noncompetition Agreement"), and respectfully refers to the Noncompetition Agreement for the content thereof.

2. Plaintiff admits the allegations of paragraph 69.

3. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

4. Plaintiff denies the allegations of paragraph 71, except states that IBM provides business enterprise services, among other products and services, and that Apple designs, manufactures and markets consumer electronic products, among other business activities.

5. Plaintiff denies the allegations of paragraph 72.

6. Plaintiff denies the allegations of paragraph 73, except states that Mr. Papermaster resided in Austin, Texas for some period of time.

7. Plaintiff admits the allegations of the first sentence of paragraph 74 and denies the remaining allegations of paragraph 74.

8. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

Response to Count 1

9. With respect to the content of paragraph 76, Plaintiff repeats and realleges its responses to paragraphs 68 through 75 of the counterclaim set forth in paragraphs 1 through 8 above as if fully set forth herein.

10. Plaintiff denies the allegations of paragraph 77 and respectfully refers to the Noncompetition Agreement for the content thereof.

11. Plaintiff denies the allegations of paragraph 78.

12. Plaintiff denies the allegations of paragraph 79 on information and belief.

13. Plaintiff denies the allegations of paragraph 80.

Response to Count 2

14. With respect to the content of paragraph 81, Plaintiff repeats and realleges its responses to paragraphs 68 through 75 of the counterclaim set forth in paragraphs 1 through 8 above as if fully set forth herein.

15. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82, except admits that Mr. Papermaster resided in Austin, Texas for some period of time.

16. Plaintiff denies the allegations of paragraph 83.

17. Plaintiff states that the content of paragraph 84 constitutes a legal conclusion and does not require a response. To the extent the paragraph does require a response, Plaintiff denies the allegations of paragraph 84.

18. Plaintiff states that the content of paragraph 85 constitutes a legal conclusion and does not require a response. To the extent the paragraph does require a response, Plaintiff denies the allegations of paragraph 85.

19. Plaintiff denies the allegations of paragraph 86.

**GENERAL DENIALS**

20. Except as otherwise expressly admitted in paragraphs 1 through 19, above, Plaintiff denies each and every allegation contained in paragraphs 68 through 86 of the Counterclaim Complaint including, without limitation, the headings and subheadings contained

therein. Pursuant to Federal Rule of Civil Procedure 8(d), allegations contained in the Counterclaim Complaint to which no responsive pleading is required shall be deemed denied. Plaintiff expressly reserves the right to amend and/or supplement this Answer.

21. With respect to all paragraphs in the Counterclaim Complaint in which Defendant prays for relief, Plaintiff denies that Defendant is so entitled.

## AFFIRMATIVE DEFENSES

Plaintiff-Counterclaim-Defendant IBM asserts the following affirmative defenses. In asserting these defenses, Plaintiff does not assume the burden of proof with respect to any issues as to which applicable law places the burden of proof upon Defendant-Counterclaim-Plaintiff Mr. Papermaster.

### First Defense

Defendant, by his conduct, is legally and/or equitably estopped from asserting his counterclaims against Plaintiff.

### Second Defense

Defendant's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Third Defense

The Counterclaim Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## Fourth Defense

Defendant agreed that New York law would apply in any dispute concerning the Noncompetition Agreement and, further, consented to exclusive jurisdiction in New York for purposes of resolving any dispute thereunder.

## Fifth Defense

Defendant's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

November 21, 2008

CRAVATH, SWAINE & MOORE LLP

by _____
Evan R. Chesler
(EChesler@Cravath.com)
Stephen S. Madsen
(SMadsen@Cravath.com)
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Plaintiff-Counterclaim-Defendant International Business Machines Corporation*