USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                Plaintiff,

-v-

MARK D. PAPERMASTER,

                Defendant.

Case No. 08-CV-9078 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On November 7, 2008, following a preliminary injunction hearing held on November 6, 2008, this Court granted Plaintiff International Business Machines Corporation's ("Plaintiff") Motion for Preliminary Injunctive Relief and ordered Defendant Mark D. Papermaster ("Defendant") to immediately cease his employment with Apple Inc. ("Apple") until further Order of this Court. The Court stated that the reasons for its decision would be published in a forthcoming Opinion.

The Court issued its Opinion and Order on November 14, 2008 (the "November 14 Opinion"), but filed the November 14 Opinion under seal, based on concerns that the Parties had expressed about publicly filing in their entirety the submissions related to the preliminary injunction. The Court ordered the Parties to advise the Court by November 19, 2008 what, if any, redactions should be made before the Court publicly filed the November 14 Opinion. On November 19, 2008, the Court received a letter from Defendant, which is being filed under seal, requesting the Court to redact certain confidential information regarding Apple's business contained in both the November 14 Opinion and in the transcript of the November 6, 2008

preliminary injunction hearing.[1]

The information for which Defendant seeks protection, consists of non-public financial information that is non-judicial in nature. Accordingly, this information carries no presumption of public access under either the common law or the First Amendment. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-CV-2014, 2008 WL 199537, at *7-8 (S.D.N.Y. Jan. 22, 2008) (granting motion for a protective order to restrict public access to confidential business information). The Court believes that the Defendant has shown good cause for his request, in that the information he is seeking to protect concerns Apple's business and is non-public in nature. *See Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998). Further, the Court finds that Defendant's request for the redaction of only two words from each document is "narrowly tailored." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614. As a result, the Court has amended its November 14 Opinion to redact it in accordance with Defendant's November 19, 2008 letter.

Therefore, it is

ORDERED that the Court's November 14 Opinion, in its entirety, remain docketed with the Court under seal; and it is further

ORDERED that copies of the Amended Opinion and Order and a redacted transcript from the November 6, 2008 preliminary injunction hearing be publicly filed.

---

[1] Plaintiff orally advised the Court at the November 18, 2008 conference that it had no objection to the public filing of the entire Opinion.

The Clerk of the Court is respectfully directed to file the Amended Opinion and Order and a redacted November 6, 2008 preliminary injunction hearing transcript, so as to place these documents in the public record.

SO ORDERED.

Dated: November 21, 2008
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE