USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

# CRAVATH, SWAINE & MOORE LLP

**MEMO ENDORSED**

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1886

November 21, 2008

### International Business Machines Corporation v. Papermaster
### Case No. 08-CV-9078 (KMK)

Dear Judge Karas:

We represent plaintiff International Business Machines Corporation ("IBM"). I am writing to address the scheduling of the trial of this matter.

When the parties appeared before the Court on November 18, it was contemplated that trial of this action would proceed in February in order to accommodate Mr. Papermaster's interest in an early resolution of the dispute. IBM appreciates the desirability of a prompt resolution and, as I made clear at the conference, stands ready to proceed to trial on an expedited basis. As indicated in Mr. Hardwicke's letter to Your Honor of yesterday, however, several senior executives of nonparty Apple Inc. ("Apple") from whom discovery would be required are evidently unavailable during the period the parties had identified for fact discovery, necessitating Mr. Hardwicke's request, to which IBM did not object, to alter the trial date from February 9 to February 23.

On November 17, 2008—prior to the November 18 conference—IBM proposed to Mr. Papermaster's counsel that the preliminary injunction entered by this Court be treated as a final injunction and that the parties proceed to an expedited appeal on the merits. Mr. Papermaster's counsel rejected that proposed course of action. On November 20, however, Mr. Papermaster's counsel filed in the United States Court of Appeals for the Second Circuit an application for expedited review of Your Honor's Order of November 7, 2008, and the related Opinion of November 14, 2008. The expedited appellate scheduling requested by Mr. Papermaster contemplates that the appeal would be argued during the week of January 12, 2008.

We have advised Mr. Papermaster's counsel that IBM does not object to the expedited schedule proposed by them for appellate proceedings, but that in IBM's view it does not make any sense to be pursuing an expedited appeal of the preliminary

2

injunction at the same time that the parties are preparing for an early trial. Mr. Papermaster has taken the position that expedited trial court and appellate proceedings should occur simultaneously. I am writing to the Court at this time to address IBM's concerns about such a course of action.

    IBM welcomes an opportunity to reach an early adjudication on the merits in this controversy. IBM is confident that its agreement with Mr. Papermaster is valid, and that Mr. Papermaster's prospective employment with Apple is a clear violation of that agreement. Nonetheless, IBM believes that there is no merit whatever in the course that Mr. Papermaster now wishes to follow, which is to pursue proceedings on an expedited basis in both Courts simultaneously. There is little point in requiring this Court and the parties to expend the very substantial efforts required to prepare this case for trial in February if the question of Mr. Papermaster's ability to commence his proposed new employment at Apple is to be determined by the Court of Appeals in late January or early February.[1] Moreover, there would be little point in expending such efforts without the guidance that an early appellate ruling could give, which could affect the parties' (and the Court's) approach to discovery issues, expert work and the like. In short, IBM agrees that Mr. Papermaster is entitled to an early determination, but believes that one expedited adjudication should suffice, and that Mr. Papermaster's current efforts to seek two early determinations are ill advised and not a sound use of judicial resources.

    Accordingly, IBM respectfully requests that if the Court of Appeals grants Mr. Papermaster's motion for an expedited appeal, this Court reconsider its proposed February 9 or February 23 trial date and either stay further proceedings in this action pending the disposition of Mr. Papermaster's appeal or set a schedule for trial that will

---

[1] Our conviction that the trial preparation effort will be substantial has been heightened by discovery demands just served by Mr. Papermaster, which seek, among many other things, "all documents since 2006 concerning IBM's business plans", "all documents concerning IBM's server business segment", "all documents concerning the I&VT" and "documents sufficient to identify all personnel employed in IBM's public relations department since 2006" (Defendant's First Request for Discovery and Inspection, dated November 20, 2008, items 14, 18, 26 and 61), all of which suggest an approach to proceedings in this Court that is not consistent with a swift and efficient adjudication of the parties' rights.

3

permit the parties and the Court to be fully informed by whatever ruling the Court of Appeals may make.

Respectfully submitted,

Stephen S. Madsen

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601-4150

BY FAX

Copy to:

Blair G. Connelly,
Latham & Watkins, LLP
53rd at Third
885 Third Avenue
New York, NY, 10022-4834

Timothy B. Hardwicke, Esq.
Latham & Watkins, LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

BY FAX

> The Court sees nothing wrong with Mr. Papermaster's decision to expeditiously appeal the preliminary injunction and to try this case. Accordingly, the Court has adopted, with minor changes, the schedule agreed to by the parties.
>
> So Ordered.
>
> 11/25/08