UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK D. PAPERMASTER,<br><br>    Defendant. | Case No. 08 Civ. 9078 (KMK)<br><br>**CONSENT ORDER AND STIPULATED ORDER OF DISMISSAL WITH PREJUDICE ON OCTOBER 24, 2009** |

------------------------------------------------------------x

MARK D. PAPERMASTER,
    Counterclaim-Plaintiff,

  v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

    Counterclaim-Defendant.

------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

    WHEREAS, the parties to this action (the "action"), International Business Machines Corporation ("IBM") and Mark D. Papermaster, entered into a Noncompetition Agreement (the "Noncompetition Agreement") on or about June 21, 2006, which is incorporated herein by reference;

    WHEREAS, IBM commenced this action against Mr. Papermaster on or about October 22, 2008, to enforce the terms of the Noncompetition Agreement;

    WHEREAS, Mr. Papermaster filed an Answer and Counterclaims in which he sought, *inter alia*, a declaratory judgment that the Noncompetition Agreement is unreasonably overbroad and unenforceable;

    WHEREAS, on November 7, 2008, the Court issued an Order granting IBM's request for a preliminary injunction, and as explained in an Opinion and Order dated November 14,

2008, and subsequent Amended Opinion and Order dated November 21, 2008, prohibited Papermaster "from working for or with Apple until further order of the Court";

WHEREAS, on November 14, IBM posted a Fed. R. Civ. P. 65(c) undertaking in the amount of $3,000,000 ("Undertaking") pursuant to an Order of the Court dated November 12, 2008; and

WHEREAS, the parties, in order to resolve this action, have entered into a Settlement Agreement, dated January 23, 2009 (the "Settlement Agreement");

It is therefore STIPULATED AND AGREED by the parties and their respective counsel as follows:

1. The preliminary injunction, entered by the Court on November 7, 2008, shall be dissolved upon entry of this Consent Order, and the Undertaking shall be released and the surety company shall be discharged from any past, present or future liability with respect thereto.

2. Subject to the terms and conditions of this Consent Order, Mr. Papermaster shall be permitted to commence working for Apple on or after April 24, 2009.

3. All claims brought by IBM in the action, and all counterclaims brought by Mr. Papermaster in the action, shall be dismissed with prejudice effective as of the date of this Consent Order. This action shall be maintained solely for the purpose of enforcing claims of violations of this Consent Order arising prior to the expiration of this Consent Order.

4. All dates set by the Court in its Scheduling Order dated November 25, 2008, are vacated as of the date of this Consent Order.

5. Mr. Papermaster shall remain subject to any obligation, including pursuant to the Noncompetition Agreement, to refrain from using or disclosing, and he shall not use or disclose, any IBM Confidential Information, as that term is defined under section 1(a)(i) of the Noncompetition Agreement, except that information which IBM has publicly disclosed or which

otherwise has become public (other than through an improper disclosure by Mr. Papermaster) shall not be considered Confidential Information under this definition.

6. On a date between July 1, 2009 and July 15, 2009, and again on a date between October 1, 2009 and October 15, 2009, Mr. Papermaster will execute and transmit to IBM a declaration in the form annexed hereto as Exhibit 1, in which he states under the penalty of perjury that he has not used or disclosed, and does not intend to use or disclose, any IBM Confidential Information.

7. To the extent that Mr. Papermaster has a question as to whether any information he intends to or may disclose or otherwise use in any way is IBM Confidential Information, as that term is defined under section 1(a)(i) of the Noncompetition Agreement, Mr. Papermaster will raise such question with IBM before any disclosure or use of that information, and Mr. Papermaster will abide by IBM's determination, to be made promptly, reasonably and in good faith, as to whether that information is IBM Confidential Information, as so defined, which determination shall be final and binding and not subject to review in any way.

8. Continuing compliance with the terms of the Settlement Agreement and of this Consent Order shall be deemed compliance with subparagraph 1(b)(i) of the Noncompetition Agreement. All other provisions of the Noncompetition Agreement shall remain in full force and effect.

9. The Court shall retain jurisdiction over this action through October 24, 2009, for the purpose of enforcing this Consent Order.

10. This Consent Order may be enforced upon appropriate application to the Court, and violation shall be punishable as a contempt.

11. This Consent Order shall expire on October 24, 2009, at 5 p.m. Eastern Standard Time.

3

12. Upon expiration of this Consent Order, and absent further order of the Court, this action shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), without costs to either party.

Dated: New York, New York
January 27, 2009

| CRAVATH, SWAINE & MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| By: *[signature]* <br> Evan R. Chesler <br> Stephen S. Madsen <br> 825 Eighth Avenue <br> New York, New York 10019-7475 <br> Telephone: (212) 474-1000 <br> *Counsel for Plaintiff International Business Machines Corporation* | By: *[signature]* <br> James W. Quinn <br> Jeffrey S. Klein <br> Bruce S. Meyer <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Telephone: (212) 310-8000 <br> *Counsel for Defendant Mark D. Papermaster* |

SO ORDERED:

*[signature]*

Hon. Kenneth M. Karas
United States District Judge

4

I, MARK D. PAPERMASTER, declare and state as follows:

1. I have not disclosed to any person or entity (other than my counsel in the preparation of my defense to the action filed by International Business Machines Corporation ("IBM") against me in the United States District Court, Southern District of New York, Docket No. 08-Civ. 9078 (KMK)), or otherwise used in any way, any IBM Confidential Information, as that term is defined under section 1(a)(i) of the Noncompetition Agreement between myself and IBM dated June 21, 2006 ("Noncompete"), except that information which IBM has publicly disclosed or which otherwise has become public (other than through an improper disclosure by me) shall not be considered Confidential Information under this definition.

2. I do not intend to disclose to any person or entity, or otherwise use in any way, any IBM Confidential Information, as that term is defined under section 1(a)(i) of the Noncompete, except that information which IBM has publicly disclosed or which otherwise has become public (other than through an improper disclosure by me) shall not be considered Confidential Information under this definition.

3. To the extent that I have a question prior to October 24, 2009, as to whether any information I intend to or may disclose or otherwise use in any way is covered by the restrictions above, I will raise such question with Ron Lauderdale at IBM before any disclosure or use of that information, and I will abide by IBM's determination, to be made promptly, reasonably and in good faith, as to whether that information is covered by the restrictions above, which determination shall be final and binding and not subject to review in any way.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, 2009, at Cupertino, California.

By: _____
Mark D. Papermaster